1  Jennifer J. Johnston (State Bar No.: 125737)
   Stephen M. Rinka (State Bar No.: 219626)
2  CONDON & FORSYTH LLP
   1901 Avenue of the Stars, Suite 850
3  Los Angeles, California 90067-6010
   Telephone: (310) 557-2030
4  Facsimile:  (310) 557-1299
   Email: jjohnston@condonlaw.com
5  Email: srinka@condonlaw.com

6  Attorneys for Defendant
   CHINA AIRLINES, LTD.
7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11  KIEU THI BUI,                        )  Case No.
                                         )  CV 10-02618-GHK
12           Plaintiff,                  )  NOTICE OF REMOVAL OF
                                         )  CIVIL ACTION PURSUANT TO
13      vs.                              )  28 U.S.C. § 1441 (FEDERAL
                                         )  QUESTION JURISDICTION)
14  LOS ANGELES INTERNATIONAL            )
    AIRPORT  (LAX), CHINA AIRLINES,      )
15  US AIRWAYS and DOES 1 through        )
    200, inclusive,                      )
16                                       )
             Defendants.                 )
17  _____  )

18  TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE

19  CENTRAL DISTRICT OF CALIFORNIA:

20        Defendant China Airlines, Ltd. ("China Airlines"), by and through its

21  attorneys of record Condon & Forsyth LLP, hereby removes this pending action

22  from the Superior Court of the State of California for the County of Los Angeles to

23  the United States District Court for the Central District of California on the

24  following grounds:

25        1.      On March 5, 2010, there was filed in the Superior Court of the State

26  of California for the County of Los Angeles, the attached summons and complaint

27  bearing Case No.: BC433283 in the records and files of that Court.  True and

28  correct copies of the summons and complaint filed in the State Court are attached

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1  hereto as Exhibit A.

2      2.     China Airlines first received copies of the summons and complaint on

3  March 12, 2010. Therefore, the 30 day time period for removal provided in 28

4  U.S.C. § 1446(b) has not yet elapsed. *Murphy Bros., Inc. v. Michetti Pipe*

5  *Stringing, Inc.,* 526 U.S. 344, 354, 119 S. Ct. 1322, 1329 (1999).

6      3.     According to the allegations contained in the complaint, this is an

7  action by plaintiff Kieu Thi Bui against defendants Los Angeles International

8  Airport, China Airlines and US Airways arising out of an alleged injury to plaintiff

9  while traveling pursuant to a roundtrip ticket originating and terminating in

10  Vietnam with intermediate stopping places in Taipei, Los Angeles, and Phoenix.

11      4.     This action is a civil action over which this Court has original

12  jurisdiction based upon the existence of a federal question pursuant to 28 U.S.C. §

13  1331, and is one which may be removed to this Court by defendant China Airlines

14  pursuant to the provisions of 28 U.S.C. § 1441(b), in that it arises under the

15  Warsaw Convention as amended by the Hague Protocol, a treaty of the United

16  States.

17      5.     The Warsaw Convention as amended by the Hague Protocol, also

18  known as the Convention for Unification of Certain Rules Relating to International

19  Transportation by Air, October 12, 1929, 49 Stat. 3000 (1934), T.S. No. 876, 137

20  L.N.T.S. 11, reprinted in 49 U.S.C. § 40105 note (1997), is applicable to all

21  "international carriage of persons, baggage, or goods performed by aircraft for

22  hire." 49 Stat. 3014; Warsaw Convention as amended by the Hague Protocol, Art.

23  1(1).

24      6.     Actions arising under state law are preempted by the Warsaw

25  Convention as amended by the Hague Protocol and the Convention is the exclusive

26  remedy for claims governed by the Convention. *See El Al Israel Airlines, Ltd. v.*

27  *Tseng,* 525 U.S. 155 (1999); *Carey v. United Airlines,* 255 F.3d 1044 (9th Cir.

28  2001); *Insurance Co. of North America v. Federal Express Corp.,* 189 F.3d 914

1 | (9th Cir. 1999).

2 |       7.    Plaintiff was traveling pursuant to a contract of transportation which

3 | provided for transportation pursuant to a roundtrip ticket originating and

4 | terminating in Vietnam with intermediate stopping places in Taipei, Los Angeles,

5 | and Phoenix.  Vietnam is a High Contracting Party to the Warsaw Convention as

6 | amended by the Hague Protocol.

7 |       8.    Accordingly, plaintiff's state law claims are preempted and plaintiff's

8 | exclusive remedy is provided by the Warsaw Convention as amended by the

9 | Hague Protocol, a treaty to the United States.

10 |       9.    Second, and as a separate ground for removal, this action is a civil

11 | action over which this Court has original jurisdiction based upon the existence of a

12 | federal question pursuant to 28 U.S.C. § 1331, and is one which may be removed

13 | to this Court by China Airlines pursuant to the provisions of 28 U.S.C. § 1441(b),

14 | in that it arises under the Air Carrier Access Act (ACAA) codified at 14 CFR Part

15 | 382.

16 |       10.    Plaintiff contends that Defendants violated 14 CFR 382.39 of the

17 | ACAA, Department of Transportation, titled Nondiscrimination on the Basis of

18 | Disability in Air Travel, Provisions of services and equipment.  According to the

19 | allegations contained in the complaint, plaintiff alleges that defendants' violation

20 | of 14 CFR 382.39 caused plaintiff to suffer injuries.  Accordingly, this Court has

21 | original jurisdiction as plaintiff's claim arises out of defendants' alleged violation

22 | of a federal statute.

23 |       11.    Removal is also appropriate in this case, because of the federal

24 | government's paramount interest in regulating aviation.  Federal statutes and

25 | regulations, including the Transportation Laws of the United States, 49 U.S.C. §

26 | 40101 *et seq.*, the Airline Deregulation Act, 49 U.S.C. § 41713, and the regulations

27 | promulgated by the Federal Aviation Administration pursuant to those laws,

28 | preempt state law in that area. *See Abdullah v. American Airlines, Inc.,* 181 F.3d

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1  363 (3d Cir. 1999); *Witty v. Delta Air Lines, Inc.,* 2004 WL 771357 (5th Cir. April

2  13, 2004).  Accordingly, federal question removal is appropriate.  *See Curtin v.*

3  *Port Authority*, 183 F. Supp. 2d 664 (S.D.N.Y. 2002).  This action may be

4  removed under 28 U.S.C. §§ 1331 and 1441(a) because the Court has jurisdiction

5  over "all civil actions arising under the Constitution, laws, or treaties of the United

6  States." 28 U.S.C. § 1331.

7       12.    China Airlines is informed and believes that defendant Los Angeles

8  International Airport was served with process in this action on March 12, 2010.

9  Upon information and belief, Los Angeles International Airport has consented to

10 this removal of the state court action to this Court.

11      13.    China Airlines is informed and believes that defendant US Airways

12 Airport was served with process in this action on March 12, 2010.  Upon

13 information and belief, Los Angeles International Airport has consented to this

14 removal of the state court action to this Court.

15      14.    The defendants identified as "Does 1 through 200" in plaintiff's

16 complaint are merely fictitious parties against whom no cause of action can be

17 validly alleged.  To the best of China Airlines' information and belief, no

18 fictitiously designated defendant has been served with process.

19

20                          RULE 44.1 NOTICE

21      15.    Pursuant to Rule 44.1 of the Federal Rules of Civil Procedure, China

22 Airlines hereby gives notice that it intends to raise issues concerning the law of a

23 foreign country in this matter, including any applicable limitation of damages

24 which may be contained therein.

25 //

26 //

27 //

28 //

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1    WHEREFORE, defendant China Airlines prays that the above-entitled

2  action now pending in the Superior Court of California for the County of Los

3  Angeles, be removed to this Court.

4

5  Dated: April 9, 2010                         CONDON & FORSYTH LLP

6

7                                          By:

8                                              JENNIFER J. JOHNSTON
                                               STEPHEN M. RINKA
9                                              Attorneys for Defendant
                                               CHINA AIRLINES, LTD.

10

11

12

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Los Angeles International Airport (LAX), China Airlines, US Airways and DOES 1 through 200, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Kieu Thi Bui, an individual

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**FILED**
Los Angeles Superior Court

MAR 05 2010

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
SHAUNYA WESLEY

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* CENTRAL DISTRICT
Superior Court of the State of California, Los Angeles
111 N. Hill Street, Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):* **BC 433283**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
KEVIN O'CONNELL  2011 W. CHAPMAN AVE. ORANGE, CA 92868   (714) 634-8559

DATE: MAR 05 2010
*(Fecha)*
J.A. CLARKE Clerk, by
*(Secretario)*
S. WESLEY
, Deputy
*(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [✓] on behalf of *(specify):*

under: [ ] CCP 416.10 (corporation)       [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
[ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

American LegalNet, Inc.
www.FormsWorkflow.com

6

**EXHIBIT A**

Kevin O'Connell, Esq.
**LAW OFFICES OF KEVIN O'CONNELL & ASSOCIATES**
2011 West Chapman Avenue
Orange, CA 92868
(714) 634-8559

Bar No.: 106121

Attorney for PLAINTIFF: KIEU THI BUI.

A1250
90045

**FILED**
Los Angeles Superior Court

MAR 05 2010

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
SHAUNYA WESLEY

### IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
### FOR THE COUNTY OF LOS ANGELES

Kieu Thi Bui,
    an individual,

          Plaintiff,

    -vs-

Los Angeles International Airport (LAX),
China Airlines,
US Airways
and DOES 1 through 200, inclusive.

          Defendants.

CASE NO.: **BC 4 3 3 2 8 3**

**COMPLAINT FOR PERSONAL INJURY:**

1. NEGLIGENCE AND
2. PREMISE LIABILITY

[Amount demanded exceeds $25,000]

Plaintiff alleges on information and belief:

### COMMON ALLEGATIONS

1.   DEFENDANT LOS ANGELES INTERNATIONAL AIRPORT (LAX) is, and at all times mentioned in this complaint was located at 1 World Way, Los Angeles, California 90045. DEFENDANT LAX is a business organization, form unknown, with its principal place of business located in Los Angeles County, California. Defendant LAX exists and operates under the laws of the State of California and has therefore consented to the jurisdiction of California courts.

1

2.   DEFENDANT CHINA AIRLINES is, and at all times mentioned in this complaint was located at 200 N. Continental Blvd., El Segundo, California 90245. DEFENDANT CHINA AIRLINES is a business organization, form unknown, with its corporate headquarters located in Taiwan. Defendant China Airlines exists and operates under the laws of the State of California and has therefore consented to the jurisdiction of California courts.

3.   DEFENDANT US Airways is, and at all times mentioned in this complaint was located at 111 W. Rio Salado Parkway, Tempe, Arizona 85281. DEFENDANT US Airways is a business organization, form unknown, existing and operating under the laws of the State of California, with its corporate headquarters located in Tempe, Arizona. Defendant US Airways exists and operates under the laws of the State of California and has therefore consented to the jurisdiction of California courts.

4.   The true names or capacities of DEFENDANTS DOES 1 through 200, whether individual, corporate, associate or otherwise, are unknown to Plaintiff at the time of the filing of this complaint and Plaintiff therefore sues said defendants by such fictitious names. Leave of court will be asked to amend this complaint to show their true names or capacities when the same has been ascertained. Plaintiff is informed and believes and alleges on this information and belief that each of the fictitiously named defendants is negligently responsible in some manner for the occurrences alleged in this complaint, and that plaintiff's injuries as alleged in this complaint were proximately caused by that negligence.

5.   Upon information and belief, at all times herein mentioned DEFENDANTS, and each of them, were the partners, agents and employees of each other and each acted within the scope of such partnership and/or agency in committing the wrongful acts alleged below.

6.    PLAINTIFF KIEU THI BUI is a 74 year-old disabled individual that requires the use of a wheelchair.

7.    The aged and disabled condition of PLAINTIFF KIEU THI BUI was both apparent and made known to the Defendants.

8.    On January 23, 2009, PLAINTIFF KIEU THI BUI purchased an airplane ticket for valuable consideration for February 04, 2009 from Phoenix, Arizona to Taipei, Taiwan with a connecting flight at LAX in Los Angeles, California.

9.    On February 04, 2009, PLAINTIFF KIEU THI BUI was given a wheelchair at the airport in Phoenix, Arizona and was escorted to her boarding gate by an employee of the Defendants.

10. On February 04, 2009, PLAINTIFF KIEU THI BUI flew into LAX from Phoenix, Arizona for a connecting flight on China Airlines to Taipei, Taiwan.

11. After arriving at LAX on February 04, 2009, PLAINTIFF KIEU THI BUI was abandoned at the terminal without a wheelchair.

12. PLAINTIFF KIEU THI BUI was repeatedly refused access to a wheelchair by employees of the Defendants once she arrived at LAX.

13. PLAINTIFF KIEU THI BUI was denied an escort to assist her in getting from the terminal she flew into at LAX to the connecting boarding gate.

14. PLAINTIFF KIEU THI BUI waited for assistance while she was at LAX, but she was continually denied help.

COMPLAINT FOR PERSONAL INJURY: NEGLIGENCE & PREMISE LIABILITY

15.  At approximately 8:50 p.m. at LAX, PLAINTIFF KIEU THI BUI, who was lost and unable to speak English, followed an elderly man up the escalator and was injured.

16.  While on the escalator at LAX, PLAINTIFF KIEU THI BUI's right toe was engulfed by the escalator, which ultimately forced her to fall backwards down the steps of the escalator. As a result of the incident, PLAINTIFF KIEU THI BUI suffered severe injuries to her left leg and a partially severed right toe.

## FIRST CAUSE OF ACTION

## NEGLIGENCE

## Defendants Denial of Wheelchair Access to Plaintiff

[AGAINST DEFENDANTS LAX, CHINA AIRLINES, US AIRWAYS & DOES 1 – 200]

17.  Plaintiff realleges, refers to, and herein incorporates by reference as if set out in full Paragraphs 1 through 16 of the Complaint.

18.  On February 04, 2009, PLAINTIFF KIEU THI BUI was lawfully upon the premises of LAX after having arrived by plane from Arizona for the purpose of getting a connecting flight on China Airlines to Taipei, Taiwan.

19.  At this time and place, the defendants, and each of them, owned, possessed, maintained, controlled, managed, and operated the premises of LAX.

20.  At this time and place, the defendants, and each of them, had control and responsibility for the employees at LAX.

21.  At this time and place, the Defendants had exclusive control over the wheelchairs in LAX and owed a duty of due care to PLAINTIFF KIEU THI BUI to provide her with a

4

EXHIBIT A

1   wheelchair so she could get from the terminal she flew into to her connecting boarding

2   gate.

3

4   22.  The Defendants were contractually obligated to assist PLAINTIFF KIEU THI BUI in

5   getting from the terminal she arrived at in LAX to her next boarding gate and not

6   abandoning her at the terminal without a wheelchair, based on the airplane ticket she

7   purchased for valuable consideration on January 23, 2009 to get from Phoenix, Arizona

8   to Taipei, Taiwan.

9

10   23.  At this time and place, defendants, and each of them, negligently refused

11   wheelchair access and an escort to PLAINTIFF KIEU THI BUI, which was a substantial

12   factor in causing PLAINTIFF KIEU THI BUI to suffer severe injuries to her left leg and a

13   partially severed right toe on the escalator.

14

15   24.  As a direct and legal result of the negligence of defendants, and each of them,

16   PLAINTIFF KIEU THI BUI was hurt and injured in her health, strength, and activity.

17   PLAINTIFF KIEU THI BUI suffered severe injuries to her left leg and a partially severed

18   right toe, all of which injuries have caused, and continue to cause, plaintiff great mental,

19   physical, emotional, and nervous pain and suffering. Plaintiff is informed and believes

20   and on this information and belief alleges that these injuries will result in permanent

21   disability to her. As a result of these injuries, plaintiff has suffered general damages.

22

23   25.  As a further direct and legal result of the negligence of defendants, and each of

24   them, plaintiff has incurred, and will continue to incur, medical and related expenses.

25   Plaintiff does not know at this time the exact amount of expenses that have been

26   incurred and that will be incurred in the future.

27

28   26.  At the time of the injury, PLAINTIFF KIEU THI BUI was unable to return to Vietnam

and was forced to live with and be cared for by her family for a period of six months and

5

1   thereby incurred care-taking expenses, all to Plaintiff's damage in an amount to be

2   shown according to proof.

3

4   27. As a further direct and legal result of the negligence of defendants, and each of

5   them, plaintiff's earning capacity has been and will be greatly impaired, both in the past

6   and present in an amount according to proof.

7

8                                   **SECOND CAUSE OF ACTION**

9                                           **NEGLIGENCE**

10            **Plaintiff was Injured on Defendants' Dangerous Escalator**

11      [AGAINST DEFENDANTS LAX, CHINA AIRLINES, US AIRWAYS & DOES 1 – 200]

12

13   28. Plaintiff realleges, refers to, and herein incorporates by reference as if set out in full

14   Paragraphs 1 through 27 of the Complaint.

15

16   29. On February 04, 2009, PLAINTIFF KIEU THI BUI was lawfully upon the premises

17   of LAX after having arrived by plane from Arizona for the purpose of getting a

18   connecting flight on China Airlines to Taipei, Taiwan.

19

20   30. At this time and place, the defendants, and each of them, owned, possessed,

21   maintained, controlled, managed, and operated the premises of LAX.

22

23   31. At this time and place, the defendants, and each of them, had control and

24   responsibility for the employees at LAX.

25

26   32. The Defendants had exclusive control over the escalator inside LAX and owed a

27   duty of due care to PLAINTIFF KIEU THI BUI to ensure the escalator operated safely.

28

     33. At this time and place, defendants, and each of them, negligently failed to warn the

1  Plaintiff about the escalator's dangerous condition.

2

3  34.  At this time and place, defendants, and each of them, negligently maintained the

4  escalator inside LAX so as to cause PLAINTIFF KIEU THI BUI's right toe to be engulfed

5  by the escalator, which forced her to fall backwards down the escalator. As a result of

6  the fall, Plaintiff sustained serious injuries and damages.

7

8  35.  As a direct and legal result of the negligence of defendants, and each of them,

9  PLAINTIFF KIEU THI BUI was hurt and injured in her health, strength, and activity.

10  PLAINTIFF KIEU THI BUI suffered severe injuries to her left leg and a partially severed

11  right toe, all of which injuries have caused, and continue to cause, plaintiff great mental,

12  physical, emotional, and nervous pain and suffering. Plaintiff is informed and believes

13  and on this information and belief alleges that these injuries will result in permanent

14  disability to her. As a result of these injuries, plaintiff has suffered general damages.

15

16  36.  As a further direct and legal result of the negligence of defendants, and each of

17  them, plaintiff has incurred, and will continue to incur, medical and related expenses.

18  Plaintiff does not know at this time the exact amount of expenses that have been

19  incurred and that will be incurred in the future.

20

21  37.  At the time of the injury, PLAINTIFF KIEU THI BUI was unable to return to Vietnam

22  and was forced to live with and be cared for by her family for a period of six months and

23  thereby incurred care-taking expenses, all to Plaintiff's damage in an amount to be

24  shown according to proof.

25

26  38.  As a further direct and legal result of the negligence of defendants, and each of

27  them, plaintiff's earning capacity has been and will be greatly impaired, both in the past

28  and present in an amount according to proof.

## THIRD CAUSE OF ACTION

### COMMON CARRIER NEGLIGENCE

### Wheelchair Access Refusal & Dangerous Escalator

[AGAINST DEFENDANTS LAX, CHINA AIRLINES, US AIRWAYS & DOES 1 – 200]

39.  Plaintiff realleges, refers to, and herein incorporates by reference as if set out in full Paragraphs 1 through 38 of the Complaint.

40.  The DEFENDANTS offer transportation by airplane, and as such are deemed common carriers and must render passengers, including PLAINTIFF KIEU THI BUI, with the necessary assistance once the passenger arrives on the premises and during transportation.

41.  On February 04, 2009, PLAINTIFF KIEU THI BUI was lawfully upon the premises of LAX after having arrived by airplane from Arizona for the purpose of getting a connecting flight on China Airlines to Taipei, Taiwan.

42.  The Defendants were contractually obligated to assist PLAINTIFF KIEU THI BUI in getting from the terminal she arrived at in LAX to her next boarding gate and not abandoning her without a wheelchair, based on the airplane ticket she purchased for valuable consideration on January 23, 2009 to get from Phoenix, Arizona to Taipei, Taiwan.

43.  The aged and disabled condition of PLAINTIFF KIEU THI BUI was both apparent and made known to the Defendants.

44.  The Defendants had exclusive control over the wheelchairs in LAX and owed a duty to PLAINTIFF KIEU THI BUI to provide her with a wheelchair so she could get from the terminal she flew into to her connecting boarding gate.

45. After arriving at LAX on February 04, 2009, the Defendants negligently refused to allow PLAINTIFF KIEU THI BUI access to a wheelchair and abandoned her at the terminal.

46. The Defendants negligently denied PLAINTIFF KIEU THI BUI an escort to assist her in getting from the terminal she flew into at LAX to the connecting boarding gate.

47. After waiting for assistance to no avail, PLAINTIFF KIEU THI BUI attempted to reach her boarding gate but was injured when her right toe was engulfed in the escalator causing her to fall backwards down the steps.

48. The Defendants had exclusive control over the escalator inside LAX and owed a duty of due care to PLAINTIFF KIEU THI BUI to ensure the escalator operated safely.

49. At this time and place, defendants, and each of them, negligently failed to warn the Plaintiff about the escalator's dangerous condition.

50. At this time and place, defendants, and each of them, negligently maintained the escalator inside LAX so as to cause PLAINTIFF KIEU THI BUI's right toe to be engulfed by the escalator, which forced her to fall backwards down the escalator. As a result of the fall, Plaintiff sustained serious injuries and damages.

51. At this time and place, the defendants, and each of them, owned, possessed, maintained, controlled, managed, and operated the premises of LAX, and had control and responsibility for the employees at LAX.

52. As a direct and legal result of the negligence of defendants, and each of them, PLAINTIFF KIEU THI BUI was hurt and injured in her health, strength, and activity.

9

PLAINTIFF KIEU THI BUI suffered severe injuries to her left leg and a partially severed right toe, all of which injuries have caused, and continue to cause, plaintiff great mental, physical, emotional, and nervous pain and suffering. Plaintiff is informed and believes and on this information and belief alleges that these injuries will result in permanent disability to her. As a result of these injuries, plaintiff has suffered general damages.

53. As a further direct and legal result of the negligence of defendants, and each of them, plaintiff has incurred, and will continue to incur, medical and related expenses. Plaintiff does not know at this time the exact amount of expenses that have been incurred and that will be incurred in the future.

54. At the time of the injury, PLAINTIFF KIEU THI BUI was unable to return to Vietnam and was forced to live with and be cared for by her family for a period of six months and thereby incurred care-taking expenses, all to Plaintiff's damage in an amount to be shown according to proof.

55. As a further direct and legal result of the negligence of defendants, and each of them, plaintiff's earning capacity has been and will be greatly impaired, both in the past and present in an amount according to proof.

### FOURTH CAUSE OF ACTION
### PREMISES LIABILITY
[AGAINST DEFENDANTS LAX & DOES 1 – 200]

56. Plaintiff realleges, refers to, and herein incorporates by reference as if set out in full Paragraphs 1 through 55 of the Complaint.

57. DEFENDANT LOS ANGELES INTERNATIONAL AIRPORT (LAX) is, and at all times mentioned in this complaint was located at 1 World Way, Los Angeles, California

10

1   90045. DEFENDANT LAX is a business organization, form unknown, with its principal

2   place of business located in Los Angeles County, California.

3

4   58. On February 04, 2009, the Defendants, LAX and DOES 1 through 200, among

5   other things, owned, possessed, maintained, controlled, managed, and operated the

6   premises and employees of LAX.

7

8   59. On February 04, 2009, PLAINTIFF KIEU THI BUI, was lawfully upon the

9   aforementioned premises after purchasing a ticket and arriving by airplane from Arizona

10   for the purpose of getting a connecting flight on China Airlines to Taipei, Taiwan

11

12   60. The Defendants, LAX and DOES 1 through 200, repeatedly refused to allow

13   PLAINTIFF KIEU THI BUI access to a wheelchair while she was at LAX.

14

15   61. PLAINTIFF KIEU THI BUI was denied an escort to assist her in getting from the

16   terminal she flew into at LAX to the connecting boarding gate.

17

18   62. PLAINTIFF KIEU THI BUI waited for assistance while she was at LAX, but she was

19   continually denied help.

20

21   63. The Defendants had exclusive control over the escalator inside LAX and owed a

22   duty of due care to PLAINTIFF KIEU THI BUI to ensure the escalator operated safely.

23

24   64. At this time and place, defendants, and each of them, negligently failed to warn the

25   Plaintiff about the escalator's dangerous condition.

26

27   65. At this time and place, defendants, and each of them, negligently maintained the

28   escalator inside LAX so as to cause PLAINTIFF KIEU THI BUI's right toe to be engulfed

by the escalator, which forced her to fall backwards down the escalator. As a result of

11

1   the fall, Plaintiff sustained serious injuries and damages.

2

3   66.  Defendants, LAX and DOES 1 through 200, as the owners and operators of the

4   premises as hereinabove alleged, were negligent in that, among other things, they failed

5   to exercise due care in the ownership, construction, operation, and maintenance of the

6   premises to ensure that visitors were not subject to any unreasonable risk of harm when

7   on the premises.

8

9   67.  As a direct and proximate result of the negligence, carelessness, recklessness,

10   and unlawfulness of defendants, and each of them, as aforesaid, PLAINTIFF KIEU THI

11   BUI sustained severe and serious injury to her person, all to Plaintiff's damage in a sum

12   within the jurisdiction of this court and to be shown according to proof.

13

14   68.  By reason of the foregoing, PLAINTIFF KIEU THI BUI has been required to employ

15   the services of hospitals, physicians, surgeons, nurses and other professional services,

16   and Plaintiff has been compelled to incur expenses for ambulance service, medicines,

17   x-rays, and other medical supplies and services.  Plaintiff is informed and believes, and

18   thereon alleges, that further services of said nature will be required by Plaintiff in an

19   amount to be shown according to proof.

20

21   69.  At the time of the injury, PLAINTIFF KIEU THI BUI was unable to return to Vietnam

22   and was forced to live with and be cared for by her family for a period of six months and

23   thereby incurred care-taking expenses, all to Plaintiff's damage in an amount to be

24   shown according to proof.

25

26   ### FIFTH CAUSE OF ACTION

27   ### Negligence Based on Defendants Breach of Duty Arising from Contract

   [AGAINST DEFENDANTS US AIRWAYS & DOES 1 – 200]

28

70.  On January 23, 2009, PLAINTIFF KIEU THI BUI purchased an airplane ticket for valuable consideration for February 04, 2009 from Phoenix, Arizona to Taipei, Taiwan with a connecting flight at LAX in Los Angeles, California.

71.  The aged and disabled condition of PLAINTIFF KIEU THI BUI was made known to the Defendants at the time the ticket was purchased.

72.  On February 04, 2009, PLAINTIFF KIEU THI BUI was given a wheelchair at the airport in Phoenix, Arizona and was escorted to her boarding gate by an employee of the Defendants.

73.  The Defendants were contractually obligated to assist PLAINTIFF KIEU THI BUI in getting from the terminal she arrived at in LAX to her next boarding gate based on the airplane ticket she purchased for valuable consideration on January 23, 2009 to get from Phoenix, Arizona to Taipei, Taiwan.

74.  After PLAINTIFF KIEU THI BUI arrived at LAX, the Defendants negligently refused to provide her with a wheelchair and refused to assist her in getting to her connecting boarding gate, after first providing a wheelchair and an escort to assist her at the airport in Phoenix, Arizona.

75.  On February 04, 2009, the aged and disabled condition of PLAINTIFF KIEU THI BUI was both apparent and made known to the Defendants.

76.  The Defendants intentionally misrepresented themselves and deceived PLAINTIFF KIEU THI BUI by providing a wheelchair and an escort to assist her in getting to her boarding gate at the airport in Phoenix, Arizona, and then denying her access to a wheelchair and assistance once she had already traveled to LAX.

13

77. The Defendants intentionally breached the contract knowing that the breach would cause severe harm in the form of personal hardship and substantial personal injury when they abandoned PLAINTIFF KIEU THI BUI at the terminal without a wheelchair.

78. After waiting for assistance to no avail, PLAINTIFF KIEU THI BUI attempted to reach her boarding gate but was injured when her right toe was engulfed in the escalator causing her to fall backwards down the steps. As a result of the incident, PLAINTIFF KIEU THI BUI suffered severe injuries to her left leg and a partially severed right toe.

79. As a direct and legal result of the negligence of defendants, and each of them, PLAINTIFF KIEU THI BUI was hurt and injured in her health, strength, and activity. PLAINTIFF KIEU THI BUI suffered severe injuries to her left leg and a partially severed right toe, all of which injuries have caused, and continue to cause, plaintiff great mental, physical, emotional, and nervous pain and suffering. Plaintiff is informed and believes and on this information and belief alleges that these injuries will result in permanent disability to her. As a result of these injuries, plaintiff has suffered general damages.

80. As a further direct and legal result of the negligence of defendants, and each of them, plaintiff has incurred, and will continue to incur, medical and related expenses. Plaintiff does not know at this time the exact amount of expenses that have been incurred and that will be incurred in the future.

81. At the time of the injury, PLAINTIFF KIEU THI BUI was unable to return to Vietnam and was forced to live with and be cared for by her family for a period of six months and thereby incurred care-taking expenses, all to Plaintiff's damage in an amount to be shown according to proof.

82. As a further direct and legal result of the negligence of defendants, and each of

14

them, plaintiff's earning capacity has been and will be greatly impaired, both in the past and present in an amount according to proof.

### SIXTH CAUSE OF ACTION

### Negligence Based on Defendant's Breach of Voluntarily Assumed Duty

[AGAINST DEFENDANTS US AIRWAYS & DOES 1 – 200]

83. On January 23, 2009, PLAINTIFF KIEU THI BUI purchased an airplane ticket for valuable consideration for February 04, 2009 from Phoenix, Arizona to Taipei, Taiwan with a connecting flight at LAX in Los Angeles, California.

84. On February 04, 2009, PLAINTIFF KIEU THI BUI was given a wheelchair at the airport in Phoenix, Arizona and was escorted to her boarding gate by an employee of the Defendants. As a result, the Defendants entered an affirmative course of conduct that affected Plaintiff's interests, and thereby voluntarily assumed a duty to act

85. After PLAINTIFF KIEU THI BUI arrived at LAX, the Defendants negligently refused to provide her with a wheelchair and refused to assist her in getting to her connecting boarding gate.

86. After waiting for assistance to no avail, PLAINTIFF KIEU THI BUI attempted to reach her boarding gate but was injured when her right toe was engulfed in the escalator causing her to fall backwards down the steps. As a result of the incident, PLAINTIFF KIEU THI BUI suffered severe injuries to her left leg and a partially severed right toe.

87. As a direct and legal result of the negligence of defendants, and each of them, PLAINTIFF KIEU THI BUI was damaged in an amount to be shown according to proof.

COMPLAINT FOR PERSONAL INJURY: NEGLIGENCE & PREMISE LIABILITY

## SEVENTH CAUSE OF ACTION

### Negligence Based on Statute – Cal Civ Code § 2100

[AGAINST DEFENDANTS CHINA AIRLINES, US AIRWAYS & DOES 1 – 200]

88.  On January 23, 2009, PLAINTIFF KIEU THI BUI purchased an airplane ticket for valuable consideration for February 04, 2009 from Phoenix, Arizona to Taipei, Taiwan with a connecting flight at LAX in Los Angeles, California.

89.  After PLAINTIFF KIEU THI BUI arrived at LAX on February 04, 2009, the Defendants negligently refused to provide her with a wheelchair and refused to assist her in getting to her connecting boarding gate.

90.  The aged and disabled condition of PLAINTIFF KIEU THI BUI was both apparent and made known to the Defendants.

91.  The Defendants failed to exercise due care by refusing to provide PLAINTIFF KIEU THI BUI access to a wheelchair or assistance in getting to her connecting boarding gate.

92.  The Defendants violated California Civil Code § 2100 (2009), General duties of carrier.

93.  The violation of California Civil Code § 2100 proximately caused injury to PLAINTIFF KIEU THI BUI's, who suffered severe injuries to her left leg and a partially severed right toe after her right toe was engulfed by the escalator and she was forced to fall backwards down the steps.

94.  The injury resulted from an occurrence of the nature which the statute was

1   designed to prevent; and

2

3   95.  PLAINTIFF KIEU THI BUI belongs to the class of persons for whose protection the

4   statute was adopted.

5

6                          **EIGHT CAUSE OF ACTION**

7          **Negligence Based on Statute – ACAA 14 CFR 382.39**

8          [AGAINST DEFENDANTS CHINA AIRLINES, US AIRWAYS & DOES 1 – 200]

9

10  96.  On January 23, 2009, PLAINTIFF KIEU THI BUI purchased an airplane ticket for

11  valuable consideration for February 04, 2009 from Phoenix, Arizona to Taipei, Taiwan

12  with a connecting flight at LAX in Los Angeles, California.

13

14  97.  After PLAINTIFF KIEU THI BUI arrived at LAX on February 04, 2009, the

15  Defendants negligently refused to provide her with a wheelchair and refused to assist

16  her in getting to her connecting boarding gate.

17

18  98.  The aged and disabled condition of PLAINTIFF KIEU THI BUI was both apparent

19  and made known to the Defendants.

20

21  99.  The Defendants failed to exercise due care by refusing to provide PLAINTIFF KIEU

22  THI BUI access to a wheelchair or assistance in getting to her connecting boarding

23  gate.

24

25  100. The Defendants violated 14 CFR 382.39 of the Air Carrier Access Act (ACAA),

26  Department of Transportation, titled Nondiscrimination on the Basis of Disability in Air

27  Travel, Provisions of services and equipment.

28

    101. The violation of 14 CFR 382.39 of the ACAA proximately caused injury to

                                      17

PLAINTIFF KIEU THI BUI's, who suffered severe injuries to her left leg and a partially severed right toe after her right toe was engulfed by the escalator and she was forced her to fall backwards down the steps.

102. The injury resulted from an occurrence of the nature which the statute was designed to prevent; and

103. PLAINTIFF KIEU THI BUI belongs to the class of persons for whose protection the statute was adopted.

WHEREFORE, PLAINTIFF KIEU THI BUI prays for judgment against the defendants, and each of them, as follows:

### FIRST CAUSE OF ACTION

1. General damages in the sum according to proof;
2. Sums incurred and to be incurred for services of hospitals, physicians, surgeons, nurses and other medical supplies and related services;
3. Care-taking expenses incurred according to proof;
4. For loss of earnings according to proof;
5. For the interest provided by law including, but not limited to, California Civil Code §3291; and
6. Costs of suit and for such other and further relief as the court deems proper.

### SECOND CAUSE OF ACTION

1. General damages in the sum according to proof;
2. Sums incurred and to be incurred for services of hospitals, physicians, surgeons, nurses and other medical supplies and related services;
3. Care-taking expenses incurred according to proof;

18

EXHIBIT A

4. For loss of earnings according to proof;

5. For the interest provided by law including, but not limited to, <u>California Civil Code</u> §3291; and

6. Costs of suit and for such other and further relief as the court deems proper.

### THIRD CAUSE OF ACTION

1. General damages in the sum according to proof;

2. Sums incurred and to be incurred for services of hospitals, physicians, surgeons, nurses and other medical supplies and related services;

3. Care-taking expenses incurred according to proof;

4. For loss of earnings according to proof;

5. For the interest provided by law including, but not limited to, <u>California Civil Code</u> §3291; and

6. Costs of suit and for such other and further relief as the court deems proper.

### FOURTH CAUSE OF ACTION

1. General damages in the sum according to proof;

2. Sums incurred and to be incurred for services of hospitals, physicians, surgeons, nurses and other medical supplies and related services;

3. Care-taking expenses incurred according to proof;

4. For loss of earnings according to proof;

5. For the interest provided by law including, but not limited to, <u>California Civil Code</u> §3291; and

6. Costs of suit and for such other and further relief as the court deems proper.

### FIFTH CAUSE OF ACTION

1. General damages in the sum according to proof;

2. Sums incurred and to be incurred for services of hospitals, physicians, surgeons, nurses and other medical supplies and related services;

COMPLAINT FOR PERSONAL INJURY: NEGLIGENCE & PREMISE LIABILITY

EXHIBIT A

3. Care-taking expenses incurred according to proof;

4. For loss of earnings according to proof;

5. For the interest provided by law including, but not limited to, California Civil Code §3291; and

6. Costs of suit and for such other and further relief as the court deems proper.

## SIXTH CAUSE OF ACTION

1. General damages in the sum according to proof;

2. Sums incurred and to be incurred for services of hospitals, physicians, surgeons, nurses and other medical supplies and related services;

3. Care-taking expenses incurred according to proof;

4. For loss of earnings according to proof;

5. For the interest provided by law including, but not limited to, California Civil Code §3291; and

6. Costs of suit and for such other and further relief as the court deems proper.

## SEVENTH CAUSE OF ACTION

1. General damages in the sum according to proof;

2. Sums incurred and to be incurred for services of hospitals, physicians, surgeons, nurses and other medical supplies and related services;

3. Care-taking expenses incurred according to proof;

4. For loss of earnings according to proof;

5. For the interest provided by law including, but not limited to, California Civil Code §3291; and

6. Costs of suit and for such other and further relief as the court deems proper.

## EIGHT CAUSE OF ACTION

1. General damages in the sum according to proof;

20

2. Sums incurred and to be incurred for services of hospitals, physicians, surgeons, nurses and other medical supplies and related services;

3. Care-taking expenses incurred according to proof;

4. For loss of earnings according to proof;

5. For the interest provided by law including, but not limited to, California Civil Code §3291; and

6. Costs of suit and for such other and further relief as the court deems proper.

DATED: Wednesday, January 27, 2010

Respectfully Submitted,

Law Offices of KEVIN O'CONNELL & ASSOCIATES

By: _____

KEVIN O'CONNELL

Attorney for PLAINTIFF: KIEU THI BUI.

COMPLAINT FOR PERSONAL INJURY: NEGLIGENCE & PREMISE LIABILITY

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
LAW OFFICE OF KEVIN O'CONNELL & ASSOCIATES
KEVIN O'CONNELL SBN: 106121
2011 W. CHAPMAN AVE.
ORANGE, CA 92868
TELEPHONE NO.: (714) 634-8559     FAX NO.: (714) 634-2283
ATTORNEY FOR (Name): PLAINTIFF, KIEU THI BUI

FILED
Los Angeles Superior Court

MAR 05 2010

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
      SHAUNYA WESLEY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill STREET
MAILING ADDRESS:
CITY AND ZIP CODE: LOS ANGELES, CA 90012
BRANCH NAME: CENTRAL DISTRICT

CASE NAME:
Kieu Thi Bui v. Los Angeles International, et. al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | BC433283 |

JUDGE:
DEPT:

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[✓] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action (specify): EIGHT
5. This case [ ] is  [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 02/11/2010
KEVIN O'CONNELL
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

28

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge George King and the assigned discovery Magistrate Judge is Rosalyn M. Chapman.

The case number on all documents filed with the Court should read as follows:

## CV10- 2618 GHK (RCx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

**PROOF OF SERVICE**

**STATE OF CALIFORNIA COUNTY OF LOS ANGELES**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 1901 Avenue of the Stars, Suite 850, Los Angeles, California 90067-6010.

On April 13, 2010, I served the within document(s):

**NOTICE OF FILING OF NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT; ATTENTION: NEW CIVIL ACTIONS; NOTICE OF ASSIGNMENT TO U.S. MAGISTRATE JUDGE FOR DISCOVERY; NOTICE TO COUNSEL; CLERK'S OFFICE SERVICES FOR ATTORNEYS AND TO GENERAL PUBLIC and U.S. DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA CIVILITY AND PROFESSIONALILSM GUIDELINES**

☒ **(By Mail):** As Follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than on day after the date of deposit for mailing in affidavit.

**(By Personal Service):** I caused the above-referenced document(s) to be personally delivered by hand to the person(s) at the address(es) set forth below.

**(By Overnight Courier):** I caused the above-referenced document(s) to be delivered by an overnight courier service to the person(s) at the address(es) set forth below.

☐ **(By E-Mail):** I caused the above-reference documents(s) to be transmitted by electronic mail to the person(s) at the email address(es) set forth below:

☐

Kevin O'Connell, Esq.
Law Offices of Kevin O'Connell
   & Associates
2011 West Chapman Avenue
Orange, California 92868
Tel: 714-634-8559

Janine K. Jeffery, Esq.
Reily & Jefferey
19839 Nordhoff Street
Northridge, California 91324
Telephone: (818) 350-6282
Fax: (818) 350-6283

**(Federal):** I declare I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on April 13, 2010, at Los Angeles, California.

Donna A. Jacobs

8699v.1